UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN ROSS, | : | |
| | : | |
| Petitioner, | : | Civ. No. 14-4937 (RBK) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.　INTRODUCTION

Petitioner, Kevin Ross, seeks relief *pro se* from his federal criminal judgment of conviction and sentence pursuant to 28 U.S.C. § 2255. The government has filed a response in opposition to the § 2255 motion. For the following reasons, petitioner's motion will be denied.

## II.　BACKGROUND

This case arose out of several bank robberies that Mr. Ross was involved in with Tyree Steele in and around the Camden County, New Jersey area in September and October of 2010. Mr. Ross would stay in the getaway vehicle while Mr. Steele would go into a bank and give a bank teller a note demanding money. After receiving money from the teller, Mr. Steele would then leave the bank and get into the getaway vehicle. Mr. Steele and Mr. Ross would then depart and divide up the proceeds from the robberies. Ultimately, Mr. Ross was arrested and charged with conspiracy to commit robbery.

In February, 2013, Mr. Ross executed a plea agreement with the United States. Among the things that Mr. Ross agreed to in the plea agreement was the following:

> Kevin Ross knows that he has, and voluntarily waives, the right to
> file any appeal, any collateral attack, or any other writ or motion,

> including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 22. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentences falls within or above the Guidelines offense level of 22. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

(Dkt. No. 7-2 at p.8)

On March 19, 2013, Mr. Ross pled guilty in this Court. With respect to the paragraph cited above in the plea agreement, the following colloquy took place between Mr. Ross and this Court:

> Q: Now under paragraph 12, you give up some very important rights and I want to go over these with you. Do you understand ordinarily you could appeal any sentence I impose upon you?
> A: Yes.
> Q: And the government has certain rights to appeal any sentence I impose upon you. Do you understand that?
> A: Yes.
> Q: But under this paragraph 12, you're willing to waive or give up your rights to appeal or file a motion or a writ or in some way challenge the sentence I give you under a certain condition, that condition is if I go along with this plea agreement, and if I do sentence you at or below a guideline offense level of 22, you agree that you're never going to be able to appeal or file a motion or a writ and challenge that sentence so long as it's within or below a 22 offense level. Do you understand and agree with that?
> A: Yes.
> Q: So, in other words Mr. Ross, if I go along with this, if I agree to do this and I don't have to agree to do this and I don't have to agree to this, but if I do in fact sentence you at or below an offense level of 22, you can never change that sentence and you'll always be stuck with that sentence. Do you understand that.
> A: Yes.
> Q; Do you remember talking to Mr. O'Malley specifically about giving up your right to appeal?

> A: Yes.
> Q: And were you satisfied with the explanation he gave?
> A: Yes.
> Q: And this is what you want to do, isn't it?
> A: Yes.
> Q: The government also agrees that they'll give up their rights to appeal or file a motion or a writ in any way challenge a sentence if I sentence you at or above a 22. Do you understand and agree with that?
> A: Yes.
> Q: Furthermore, under paragraph 12 if I accept any of these other stipulations in here, you cannot file a motion or an appeal or a writ saying it was wrong for me to accept that because you have agreed to it in paragraph 12. Do you understand that and agree with that?
> A: Yes.

(Dkt. No. 7-3 at p. 15-17)

In August, 2013, this Court sentenced Mr. Ross to forty-six months imprisonment, which was at the low-end of the 46-57 months advisory guideline range on a Total Offense level of 22 and a Criminal History Category of II sentence. Mr. Ross did not file a direct appeal.

In August 2014, this Court received Mr. Ross' § 2255 motion. His motion raises one claim; specifically that his guideline range was miscalculated because the highest amount involved in the robberies was not $10,000 such that he should have fallen within Total Offense Level 21 of the guidelines. That Offense Level has a sentencing range of 41-51 months. Thus, Mr. Ross requests that his sentence be reduced to forty-one months.

The government has filed an opposition to Mr. Ross' motion. The government asserts that Mr. Ross has not raised a cognizable claim and/or that he is barred from bring such a claim in this habeas action pursuant to the plea agreement's waiver provision.

### III.     LEGAL STANDARD FOR § 2255 MOTION

A motion to vacate, set aside or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief if "the court finds ... [t]here has been such a

3

denial or infringement of the constitutional rights of the prisoner as to render judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous based on the existing record.'" *United States v. Booth,* 432 F.3d 542, 545 (3d Cir.2005) (quoting *Gov't of Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989)) (citing R. Governing § 2255 Cases R. 4(b)).

### IV. DISCUSSION

As noted above, the government asserts that Mr. Ross' habeas petition should be denied because he waived his claim pursuant to the plea agreement. The Government asserts that, in his Plea Agreement, Mr. Ross waived his right to bring a motion under § 2255. Waivers of collateral review rights are enforceable if they are entered into knowingly and voluntarily, and their enforcement does not work a miscarriage of justice. *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008). Where there is a waiver of collateral review rights, the district court must consider the validity of the waiver by "examining the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." *Id.* at 238.

It is the petitioner's burden to present an argument that his waiver was unknowing or involuntary. *Id.* at 237. Mr. Ross has not done so here. Nevertheless, this Court has an affirmative duty "to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record before it." *Id.* at 237-38.

As described in *supra* Part II, the plea agreement included a waiver of appeal and collateral rights provided that Mr. Ross was sentenced at or below the guidelines range in Offense Level 22. As previously described, Offense Level 22 has a sentencing range of 46-57

months. Not only did Mr. Ross sign the plea agreement, but this Court specifically discussed the contents and meaning of the plea agreement with Mr. Ross during the plea colloquy, and asked Mr. Ross if he understood and voluntarily was waiving those rights. He stated that he did.

Based on the above stated circumstances, Mr. Ross fails to show that he did not knowingly and voluntarily waive his right to bring this § 2255 motion. Accordingly, he fails to show that there will be a miscarriage of justice to enforce this waiver as stated in the plea agreement as he was sentenced within the agreed upon range found in Offense Level 22 of 46-57 months. Accordingly, Mr. Ross' § 2255 motion will be denied.

## V.     CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## VI.     CONCLUSION

For the foregoing reasons, the § 2255 motion will be denied and a certificate of appealability shall not issue. An appropriate order will be entered.

DATED:  11/1/16

                  s/Robert B. Kugler
                  ROBERT B. KUGLER
                  United States District Judge